UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIANG HUO ,

                Plaintiff,

- against -

GO SUSHI GO 9TH AVE. INC., CHI HANG LEWING,
TONY CHAN, JOHN DOE and, JANE DOE

                Defendants.

Case No. 1:13-cv-06573-KBF

**JIAN HANG'S
DECLARATION IN
SUPPORT OF MOTION FOR
DEFAULT JUDGMENT**

---

JIAN HANG, Esq. declares under the penalty of perjury the following to be true:

1. I am a member of the law firm of Hang & Associates, PLLC, attorneys of record of the plaintiff in this action. I submit this Declaration ("Hang Decl.") pursuant to 55.2(b) of the Local Rules of the United States District Courts for the Southern District of New York and this Court's Individual Practices in Civil Cases in support of plaintiff's motion for a default judgment against defendants Go Sushi Go 9th Ave. Inc., Chi Hang Lewing, Tony Chan, John Doe, and Jane Doe under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

2. This is an action brought by plaintiff to seek monetary damages and affirmative relief based upon Defendants' violation of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et. seq.*, the New York Labor Law ("NYLL"), and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, reimbursement for expenses relating to tools of the trade, and notices and statements of rates of pay. Due to Defendants' violations of federal and state law, Plaintiff is entitled to: (1) unpaid minimum wages; (2) unpaid overtime wages; (3)

spread of hours compensation; (4) reimbursement for expenses relating to tools of the trade; (5) liquidated damages; and (6) attorneys' fees and costs as provided by statute. I have attached a copy of the Complaint as Exhibit 1 to Hang Decl.

### Basic Facts

3. Plaintiff Liang Huo ("Plaintiff") is a former employee of Defendants Go Sushi Go 9th Ave. Inc. ("Corporate Defendant") , Chi Hang Lewing, and Tony Chan (collectively, the "Defendants"). Defendant Chi Hang Lewing and Defendant Tony Chan were the officer, shareholder, manager and/or majority owner of Defendant Go Sushi Go 9th Ave. Inc. during the operative period. Go Sushi Go 9th Ave. Inc. provides restaurant services to customers in New York and its environs. Plaintiff was employed by the Defendants as a delivery man from March 1, 2013 to August 30, 2013. (*See* Exhibit 1 ¶¶ 10,11,12,15,16,18)

4. During the employment of Plaintiff by Defendants, Plaintiff was paid about $970 per month and worked fifty-five (55) hours per workweek on each workweek. Plaintiff worked fifteen (15) hours of overtime hours per workweek. Throughout Plaintiff's employment by Defendants, Plaintiff was compensated at a hourly rate of approximately $4.40 per hour, which is far below the applicable Federal and State minimum wage requirements. Throughout Plaintiff's employment by Defendants, he worked eleven (11) hours per workday. Plaintiff worked more than ten (10) hours five days per week. (*Id.* ¶¶ 19-20)

5. To deliver hot meals, Plaintiff bought an electronic bicycle.  Plaintiff spent about $10 per month on maintenance and repair. (*Id.* ¶21)

6. At all relevant times, the Defendants have failed to provide Plaintiff's with written notices and written statements containing their rates of pay and other disclosures as required by the New York Labor Law. (*Id.* ¶39)

## Basis for Entry of Default

### *Service of the Summons and Complaint*

7. This action was commenced on September 17, 2013 by the filing of the Summons and Complaint.

8. The Corporate Defendant was served on September 19, 2013 via service upon a proper receiving agent of the corporation who is authorized to accept service on behalf of the corporation. (DOCKET NO. 4, attached hereto as Exhibit 2 to the Hang Decl.) Defendant Chi Hang Lewing was served on September 19, 2013 via service upon a person of suitable age and discretion at Chi Hang Lewing's actual place of business. (DOCKET NO. 5, attached hereto as Exhibit 3 to the Hang Decl.) Defendant Tony Chan was served on September 19, 2013 via service upon a person of suitable age and discretion at Tony Chan's actual place of business. (DOCKET NO. 6, attached hereto as Exhibit 4 to the Hang Decl.) Defendant John Doe was served on September 19, 2013 via service upon a person of suitable age and discretion at his actual place of business. (DOCKET NO. 7, attached hereto as Exhibit 5 to the Hang Decl.) Defendant Jane Doe was served on September 19, 2013 via service upon a person of suitable age and discretion at her actual place of business. (DOCKET NO.8, attached hereto as Exhibit 6 to the Hang Decl.)

### *Other Procedural History*

9. On January 10, 2014, Plaintiff requested and obtained certificates of Defendants' defaults in this matter from the Clerk of the Court for the Southern District of New York. (DOCKET NO.15, attached hereto as Exhibit 7 to the Hang Decl.)

10. Plaintiff state elements of each cause of action for which default is being sought and the allegations contained in the Complaint in his Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment against Defendants.

**Damages Calculations**

11. Minimum and overtime back-pay under either the FLSA or New York State Labor Law is described and explained in the damages calculation letter, attached hereto as Exhibit 8 to the Hang Decl.  The total amount of back-pay is $5,961.28. (*See* Exhibit 8 Section I)

12. Liquidated Damages under FLSA was 100% of minimum and overtime back-pay; therefore, the total amount of liquidated damages is $5,961.28=5,961.28x100%. (*See* Exhibit 8 Section II)

13. Liquidated Damages under New York Labor Law was 100% of minimum and overtime back-pay; therefore, the total amount of liquidated damages is $5,961.28=5,961.28x100%. (*See* Exhibit 8 Section III)

14. Spread of Hours pay under New York State Law is described and explained in the damages calculation letter.  The total amount of back-pay is $942.5. (*See* Exhibit 8 Section IV)

15. Reimburse expenses relating to tools of the trade is $60=$10 (each month) x 6(6 months from March 1, 2013 to August 30, 2013). (*See* Exhibit 8 Section V)

16. Compensation for failure to provide written notices and statements under New York Law is $3,900=$50x26 +$100x26 (26 weeks, $50 per week for failure to provide written

notice in violation of New York Labor Law §198(1-b), and $100 per week for failure to provide written statement in violation of New York Labor Law §198(1-d) (*See* Exhibit 8 Section VI)

17. Pre-Judgment Interest is $464.73 =($5,961.28+$942.50)(minimum wage and overtime back-pay +spread of hours pay)x0.09/365x273(273 days from June 1, 2013 to Feb 28, 2014). (*See* Exhibit 8 Section VII)

18. The total damage is

   $23251.07=$5,961.28+$5,961.28+$5,961.28+$942.50+$60+$3,900+$464.73

19. Attorney's fee. Annexed to this Declaration as Exhibit 9 is a true and correct copy of the contemporaneous time records kept by firm in connection with this matter. As a courtesy to the Court, a summary of the total hours spent by Jian Hang of the firm, as reflected in Exhibit 9, is explained.

20. All of time billed was reasonably necessary to secure the results we have achieved for our client thus far. Generally, my firm represents both plaintiffs and defendants with respect to litigating claims arising out of the employment relationship, including claims relating to employment discrimination, wage and hour issues, and contact disputes. While the majority of our plaintiff-side work is contingency based (as in this case), we typically by the hour when representing defendants. The traditional hourly billing rates Jian Hang, Principal Attorney is $350.

21. The hourly rate indicated in Exhibit 9 is in accordance with community standards and is representative of the hourly rates typically charged by Hang & Associates, PLLC for its work on wage and hour causes.

22. I have practiced law for almost 10 years, during which I devoted approximately 70% of my time to employment-related issues. The remainder of my time is typically spent advising employers and employees about their legal rights and remedies, or litigating in other areas of the law.

23. I have extensive experience representing employers and employees in wage and hour cases under the FLSA and the New York Labor Law such as the case at bar. I am currently representing plaintiffs with wages and hour claims in 14 lawsuits in federal courts, three of which are collective actions with over 25 plaintiffs each. I have also successfully defended two employers against claims for unpaid overtime and minimum wage.

24. I have litigated numerous employment related claims of discrimination and breach of contract claims.

25. I respectfully submit that my years of experience and the fact that my practice focuses primarily on employment law, with a significant percentage devoted to wage and hour litigation in particular, warrants the hourly rate I seek in this case of $350 per hour.

26. The number of attorney hours represented in the attorney worksheet is reasonable and represents hours that were necessarily expended on this litigation.

27. It should also be kept in mind that as a result of defendants' default in this case, should Plaintiff receive a default judgment in his favor, many more attorney hours will be spent attempting to enforce the judgment, which we will likely not be compensated for.

28. Plaintiff's expenses, which we paid on his behalf pursuant to the terms of the retainer agreement, are clearly identified in Exhibit 10 to this Declaration. The total amount of expenses are $460 including $400 filing fee and $600 process of service fee.

29. It should be noted that the statement does not include the costs of telephone calls, excessive electronic legal research, and other sundry items, as the firm typically does not charge the client for such items, despite that many other firms do.

Executed at Flushing, New York, on this 10th day of February 2014.

Jian Hang