# EXHIBIT 1

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| LIANG HUO, <br><br> *Plaintiff(s)* <br> v. <br> GO SUSHI GO 9TH AVE. INC., CHI HANG LEWING, TONY CHAN, JOHN DOE and, JANE DOE <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* GO SUSHI GO 9TH AVE. INC., CHI HANG LEWING, TONY CHAN, JOHN DOE and, JANE DOE
756 9TH AVE., NEW YORK, NY 11791

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
HANG & ASSOCIATES, PLLC
136-20 38TH AVE., SUITE 9E
FLUSHING, NY 11354

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 09/09/2013

_____
*Signature of Clerk or Deputy Clerk*

JUDGE FORREST        13 CV 6573

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIANG HUO,

        Plaintiff,

  - against -

GO SUSHI GO 9TH AVE. INC., CHI HANG LEWING,
TONY CHAN, JOHN DOE and, JANE DOE

        Defendants.



Case No.

**VERIFIED COMPLAINT
AND JURY TRIAL DEMAND**

  Plaintiff Liang Huo ("Plaintiff"), by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the defendants, alleges and shows the Court the following:

## PRELIMINARY STATEMENT

  1. Plaintiff brings this action seeking monetary damages and affirmative relief based upon Defendants' violation of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et. seq.*, the New York Labor Law ("NYLL"), and other appropriate rules, regulations, statutes and ordinance governing minimum and overtime wages, spread of hours, reimbursement for expenses relating to tools of the trade, and notices and statements of rates of pay.

  2. Plaintiff worked as a delivery man at the corporate Defendant Go Sushi Go 9th Ave. Inc. d/b/a Go Sushi ("Go Sushi"), upon information and belief, a restaurant owned and operated by the individual Defendant Chi Hang Lewing ("Lewing"), Tony Chan ("Chan"), John Doe and John Doe in New York City of New York.

3. As described herein, Defendants failed to pay Plaintiff minimum wages, overtime wages and spread of hours compensation, failed to reimburse Plaintiff for expenses incurred to maintain and operate their tools of the trade, and failed to provide notices and statements of rates of pay as required under New York state and federal law.

4. Defendants committed each of these actions in willful violation of their legal obligations under the Federal FLSA and the NYLL.

5. Due to Defendants' violations of federal and state law, Plaintiff is entitled to: (1) unpaid minimum wages; (2) unpaid overtime wages; (3) spread of hours compensation; (4) reimbursement for expenses relating to tools of the trade; (5) liquidated damages; and (6) attorneys' fees and costs as provided by statute.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. § 216 and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant Go Sushi Inc. maintains a place of business located at 756 9th Ave., New York NY 11791, and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York.

## PARTIES

9. Plaintiff Liang Huo was a resident of the State of New York, County of Queens.

10. At all times relevant to this action, Plaintiff was employed at Defendants'

restaurant and was Defendants' employee within the meaning of the FLSA and NYLL.

11. Upon information and belief, Defendant Go Sushi is a New York corporation with a principal place of business at 756 9th Ave., New York NY 11791.

12. Upon information and belief, Defendant Go Sushi operates a restaurant at 756 9th Ave., New York NY 11791.

13. Defendant Go Sushi was Plaintiff's employer with the meaning of the FLSA and NYLL.

14. At all times relevant to this action, Defendants were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA and has had an annual gross volume of sales of not less than $500,000.00.

15. Upon information and belief, Defendant Lewing was an owner, officer, shareholder, and manager of Go Sushi. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at the Go Sushi, establish their wages, set their work schedules, and maintain their employment records.

16. Upon information and belief, Defendant Chan was an owner, officer, shareholder, and manager of Go Sushi. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at the Go Sushi, establish their wages, set their work schedules, and maintain their employment records.

17. Upon information and belief, Defendants John Doe and Joan Doe are owners, officers, shareholders, and managers of Go Sushi. Upon information and belief, at all times relevant to the allegations herein, they had the power to hire and fire employees at the Go Sushi, establish their wages, set their work schedules, and maintain their employment records.

## STATEMENT OF FACTS

18. Plaintiff was employed by the Defendants as a delivery man at Go Sushi from March 1, 2013 to August 30, 2013.

19. During the employment of Plaintiff by Defendants, Plaintiff was paid about $970 per month. He worked more than forty (40) hours per workweek on each workweek. Specifically, Plaintiff worked fifty-five (55) hours per workweek on each workweek. Plaintiff worked fifteen (15) hours of overtime hours per workweek. Throughout Plaintiff's employment by Defendants, Plaintiff was compensated at the rate of approximately $4.40 per hour, which is far below the applicable Federal and State minimum wage requirements.

20. Throughout Plaintiff's employment by Defendants, he worked eleven (11) hours per workday. Plaintiff worked more than ten (10) hours five days per week. Plaintiff is entitled to spread hours premium for those five days.

21. To deliver hot meals, Plaintiff bought an electronic bicycle. Plaintiff spent about $10 per month on maintenance and repair. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

22. At all relevant times, the Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA. Specifically, the Defendants operated a restaurant business that gets order from many different interstate customers and has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce. For example, Defendants ordered many different ingredients from other states and used tools and machines that are come from different states. Defendants used credit card machines which engaged in interstate commerce to make transaction

with customers and suppliers.

## MINIMUM AND OVERTIME WAGES

23. Defendants are aware of federal and state labor law requirements regarding minimum wage and overtime wages.

24. At all relevant time from July 24, 2009 to the present, the Fair Labor Standards Act, 29 U.S.C. § 206, required the Defendants to pay the Plaintiff a minimum wage of $7.25 per hour.

25. At all relevant time from July 24, 2009 to the present, the New York Minimum Wage Act, N.Y. Lab. Law § 652, 12 NYCRR Part 137-1.2, and 12 NYCRR 146-1.2 (effective 1/1/2011, formerly 12 NYCRR Part 137-1.2) have required Defendants to pay Plaintiff a minimum wage of $7.25 per hour.

26. Defendants have willfully paid Plaintiff for his services and labor at hourly rates below the applicable minimum hourly wages in violation of the Fair Labor Standards Act and the New York Minimum Wage Act.

27. At all relevant times, the Federal Fair Labor Standards Act and state law, 12 N.Y.C.R.R. 137-1.3, and 12 NYCRR 146-1.4 (effective 1/1/2011, formerly 12 N.Y.C.R.R. 137-1.3) have required Defendants to pay Plaintiff over wages at a wage rate of 1.5 times his regular rate for hours worked in excess of forty hours a week.

28. As Defendants' employee, Plaintiff frequently worked in excess of forty hours per week.

29. Defendants willfully paid Plaintiff at a rate that is less than one and a half times her regular rates or the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled, and overtime wages.

## SPREAD OF HOURS

30. The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

31. Plaintiff routinely worked a "spread of hours" of at least 11 hours per day.

32. Despite the fact that Plaintiff routinely worked a "spread of hours" greater than ten hours per day, Defendants did not pay Plaintiff any additional compensation as required by the regulations.

33. Defendants' failure to pay spread of hours compensation was willful and intentional.

## REIMBURSEMENT FOR EXPENSES RELATING TO TOOLS OF THE TRADE

34. Under the FLSA, Plaintiff is entitled to a credit for expenses for tools of trade.

35. The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

36. Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

### *NOTICES AND STATEMENTS OF RATES OF PAY*

37. Effective April 9, 2011, New York Labor Law, §195(1)(a), has required Defendants to provide each Plaintiff in writing with notices containing the Plaintiff's rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures.

38. Effective April 9, 2011, New York Labor Law, §195(3), has required Defendants to provide each Plaintiff in writing with statements with every payment of wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof.

39. At all relevant times, the Defendants have failed to provide Plaintiff's with written notices and written statements containing their rates of pay and other disclosures as required by the New York Labor Law.

### STATEMENT OF CLAIMS

### *FIRST CAUSE OF ACTION*

**(Minimum Wages Under the Fair Labor Standards Act)**

40. Plaintiff repeats the preceding allegations and incorporates the same herein as if set forth in detail.

41. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

42. Defendants failed to pay Plaintiff at the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

43. Due to Defendants' Fair Labor Standards Act violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages plus liquidated damages equal to 100% of his back-pay award and reasonable attorneys' fees and costs of the action.

### SECOND CAUSE OF ACTION

### (Minimum Wages Under New York Labor Law)

44. Plaintiff repeats the preceding allegations and incorporates the same herein as if set forth in detail.

45. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law § § 2 and 651.

46. Defendants failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, New York Labor Law §652.

47. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages, liquidated damages equal to 100% of his back-pay award from March 1, 2013 to August 30, 2013, and reasonable attorneys' fees and costs of the action, including interest.

### THIRD CAUSE OF ACTON

### (Overtime Wages Under the Fair Labor Standards Act)

48. Plaintiff repeats the preceding allegations and incorporates the same herein as if set forth in detail.

49. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

50. Defendants willfully failed to pay Plaintiff overtime wages for hours

worked in excess of forty per week at a wage rate of one and one-half times the regular rate to which Plaintiff was entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages plus liquidated damages equal to 100% of his back-pay award and reasonable attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b).

### FOURTH CAUSE OF ACTION

#### (Overtime Wages Under New York Labor Law)

52. Plaintiff repeats the preceding allegations and incorporates the same herein as if set forth in detail.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

54. Defendants failed to pay Plaintiff overtime wages for all hours worked in excess of forty per week at a wage rate of one and one-half times the regular rate to which Plaintiff was entitled, in violation of 12 N.Y.C.R.R. 137-1.3 and 12 NYCRR 146-1.4 (formerly 12 N.Y.C.R.R. 137-1.3).

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants jointly and severally, her unpaid overtime wages, liquidated damages equal to 100% of his back-pay award from March 1, 2013 to August 30, 2013, and reasonable attorneys' fees and costs of the action, including interest.

### FIFTH CAUSE OF ACTION

#### (Spread of Hours Compensation Under New York Labor Law)

56. Plaintiff repeats the preceding allegations and incorporates the same

herein as if set forth in detail.

57. Defendants failed to pay Plaintiff at the applicable compensation for Spread of Hours, in violation of the 12 NYCRR § 137-1.7 and 12 NYCRR 146-1.6 (formerly 12 NYCRR § 137-1.7).

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid compensation for spread of hours, liquidated damages equal to 100% of his back-pay award from March 1, 2013 to August 30, 2013, and reasonable attorneys' fees and costs of the action, including interest.

### SIXTH CAUSE OF ACTION

**(Failure to reimburse expenses relating to tools of the trade)**

59. Plaintiff repeats the preceding allegations and incorporates the same herein as if set forth in detail.

60. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

61. Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, that is, $10 per month on maintenance and repair. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

62. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs when Defendants knew or should have known such was due.

## SEVENTH CAUSE OF ACTION

### (Failure to Provide Notices and Statements Under New York Law)

63. Plaintiff repeats the preceding allegations and incorporates the same herein as if set forth in detail.

64. At all relevant times, Defendants have failed to provide Plaintiff's with written notices of their rates of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures as required by New York Labor Law, §195(1)(a).

65. At all relevant times, Defendants have failed to provide Plaintiff's with written statements of their wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof as required by New York Labor Law, § 195(3).

66. Due to Defendants' New York Labor Law §198(1-b) violations, each Plaintiff is entitled to recover from Defendants, jointly and severally, damages of fifty dollars for each work week that the violations occurred or continued to occur, not to exceed a total of two thousand five hundred dollars each, together with costs and reasonable attorney's fees and the costs of the action, including interest.

67. Due to Defendants' New York Labor Law §198(1-d) violations, each Plaintiff is entitled to recover from Defendants, jointly and severally, damages of one hundred dollars for each work week that the violations occurred or continued to occur, not to exceed a total of twenty-five hundred dollars each, together with costs and reasonable attorney's fees and the costs of the action, including interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in

favor of Plaintiff and against the Defendants, jointly and severally, for the following relief:

    a. Plaintiff's unpaid minimum wages due under the New York Minimum Wage Act, the New York Labor Law and its regulations and the Fair Labor Standards Act;

    b. Plaintiff's unpaid overtime wages due under the New York Labor Law and its regulations and the Fair Labor Standards Act;

    c. Plaintiff's unpaid compensation for spread of hours under New York Labor Law and its regulations;

    d. Liquidated damages pursuant to New York Labor Law and the Fair Labor Standards Act;

    e. Statutory damages under the New York Labor Law;

    f. Unreimbursed expenses in relation to tools of the trade used by Plaintiff's for $10 per month.

    g. Prejudgment interest; and

    h. The costs of this action, together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff's request a jury trial on all issues so triable.

Dated: Flushing, New York  September 9, 2013

HANG & ASSOCIATES, PLLC.

_____
Jian Hang
136-20 38th Ave., Suite 9E
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com

*Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK  )
                                         ) SS:
COUNTY OF QUEENS )

Liang Huo, being duly sworn, deposes and says: that he is the complainant herein; that his attorney has translated orally the foregoing complaint into Chinese to him and he knows the content thereof; that the same is true of his own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he believes the same to be true.

_____
Liang Huo

Subscribed and sworn to
before me this 9th day
of September, 2013

_____
Signature of Notary Public

JIAN HANG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6280171
Qualified in Queens County
My Commission Expires April 22, 2017

14