UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIANG HUO ,

Plaintiff,

- against -

GO SUSHI GO 9TH AVE. INC., CHI HANG LEWING,
TONY CHAN, JOHN DOE and, JANE DOE

Defendants.

Case No. 1:13-cv-06573-KBF

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AGAINST
DEFENDANTS**

TABLE OF CONTENTS

Table of Authorities ................................................................................................... ii

Preliminary Statement .................................................................................................. 1

Statement of Facts ........................................................................................................ 1

Argument ...................................................................................................................... 1

I. PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT ................................ 1

II. PLAINTIFF IS ENTITLED TO CERTAIN CATEGORIES OF DAMAGES ................... 2

III. CALCULATION OF PLAINTIFF'S DAMAGES ..................................................... 6

A. Back Pay (Minimum and Overtime) Under the FLSA and New York State Labor Law .. 7

B. Spread of Hours Pay Under New York State Labor Law ..................................... 9

C. Liquidated Damages ............................................................................................. 10

D. Reimburse Expense Relating to Tools of the Trade .......................................... 11

E. Failure to Provide Notices and Statements Under New York Law ..................... 11

F. Pre-Judgment Interest ......................................................................................... 12

G. Summary of Requested Damages Award ............................................................ 13

IV. PLAINTIFF IS ALSO ENTITLED TO REASONABLE ATTORNEYS FEES AND
COSTS ........................................................................................................................ 13

V. THE PROPOSED DEFAULT JUDGEMENT ACCURATELY REFLECTS THAT
WHICH IS SET FORTH ABOVE .................................................................................. 17

TABLE OF AUTHORITIES

Cases

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008) ................................................... 14, 15, 17

*Brock v. Superior Care, Inc.,* 840 F.2d 1054 (2d Cir. 1988) ............................................................ 5

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) .................................... 10

*Cesario v. BNI Construction, Inc.,* No. 07 Civ. 8545, 2008 U.S. Dist. LEXIS 103155 (S.D.N.Y. Dec. 15, 2008) ...................................... 2-6, 10, 12, 14, 16, 17

*Chan v. Sung Yue Tung Corp*., No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 33883 (S.D.N.Y. May 7, 2007) ................................................................ 5

*Colodney v. Continuum Health Partners, Inc.,* 2004 WL 829158 at *11 (S.D.N.Y., April 15, 2004).................................................................... 11

*Cotton v. Slone,* 4 F.3d 176 (2d Cir. 1993) ................ 5

*Cox v. Town of Poughkeepsie*, 209 F.Supp.2d 319 (S.D.N.Y. 2002) ...................................................... 7

*Doo Nam Yan v. ACBL Corp.,* 427 F.Supp.2d 327 (S.D.N.Y. 2005) ...................................................... 4, 5

*Estrella v. P.R. Painting Corp*., 596 F.Supp.2d 723 (E.D.N.Y. 2009) .................................................... 15, 16

*Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38 (2d Cir. 1989) .................................................. 2

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992) .......... 14

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155 (2d Cir. 1992) ............................. 5

*Guardado v. Precision Fin., Inc.,* No. 04 Civ.
3309, 2008 U.S. Dist. LEXIS 47881 (E.D.N.Y.
Mar. 25, 2008) ........................................................ 14

*Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct.
1933, 76 L.Ed.2d 40 (1983) ............................... 15

*Herman v. RSR Sec. Servs.,* 172 F.3d 132 (2d Cir.
1999) ...................................................................... 7, 10

*Hyeon Soon Cho v. Koam Med. Servs. P.C.,* 524
F.Supp.2d 202 (E.D.N.Y. 2007) ......................... 15,16

*Lunday v. City of Albany,* 42 F.3d 131 (2d Cir.
1994) ...................................................................... 14

*McDonald ex rel. Prendergast v. Pension Plan of
the NYSA-ILA Pension Trust Fund,* 450 F.3d 91
(2d Cir. 2006) ....................................................... 15

*McLaughlin v. Richland Shoe. Co.,* 486 U.S. 128
(1988) ..................................................................... 7

*N.Y. State Ass'n for Retarded Children, Inc. v.
Carey*, 711 F.2d 1136 (2d Cir. 1983) ............... 14

*Reich v. S. New Eng. Telecomm. Corp.,* 121 F.3d
58 (2d Cir. 1997) ................................................. 11

*Reilly v. Natwest Markets Group, Inc.,* 181 F.3d
253 (2d Cir. 1999) ............................................... 5

*Reiter v. MTA N.Y. City Transit Auth.,* 457 F.3d
224 (2d Cir. 2006) ............................................... 15

*Restivo Guardado v. Precision Financial, Inc.,* No.
04 Civ. 3309, 2008 U.S. Dist. LEXIS 47881
(E.D.N.Y. March 9, 2008) ................................... 16

*Rogers v. City of Troy,* 148 F.3d 52 (2d Cir. 1998) .. 3

*Roman v. Maietta Const., Inc.,* 147 F.3d 71, 76
(1st Cir. 1998) ...................................................... 8

*Tlacoapa v. Carregal,* 386 F.Supp.2d 362
(S.D.N.Y. 2005) .......................................................... 16

*Tran v. Tran,* 860 F.Supp. 91, 96 (S.D.N.Y.
1993), *aff'd in part and rev'd in part on other
grounds,* 54 F.3d 115 (2d Cir 1995), cert.
denied, 517 U.S. 1133, 116 S. Ct. 1417 (1996) ......... 8

*Woodie v. Azteca Intern. Corp.,* 9 Misc.3d
1104(A), 806 N.Y.S.2d 449 at *4 (N.Y.Sup.,
2005). ..................................................................... 7

*Yu G. Ke v. Saigon Grill, Inc.,* 595 F.Supp.2d 240
(S.D.N.Y. 2008) .......................................................... 7

*Zeng Liu v. Jen Chu Fashion Corp.,* No. 00 Civ.
4221, 2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7,
2004) ...................................................................... 5, 8

## Statutes and Regulations

29 U.S.C. § 203 ....................................................... 2

29 U.S.C. § 207 ....................................................... 2,7,8

29 U.S.C. § 211 ....................................................... 8

29 U.S.C. § 216 ....................................................... 3, 5,13, 14

29 U.S.C. § 255 ....................................................... 6

29 U.S.C. § § 531.35 ............................................... 4

29 C.F.R. § 776.5 ..................................................... 8

N.Y. Labor Law § 191 ............................................. 2

N.Y. Labor Law § 195 ............................................. 4, 11

N.Y. Labor Law § 198 ............................................. 3, 4, 5, 6,9, 10,12,14

N.Y. Labor Law § 652 ........................................................ 2, 8

N.Y. C.P.L.R. §§ 5001-02 ................................................ 5

12 N.Y. C.R.R. § 142-2.2 ................................................ 2, 8

12 N.Y. C.R.R. § 142-2.4 ................................................ 3, 9

12 N.Y. C.R.R. § 142-2.18 .............................................. 3,9

Fed.R.Civ.P. 55(b) ........................................................ 1

**PRELIMINARY STATEMENT**

Plaintiff Liang Huo is entitled to judgment by default against defendants Go Sushi Go 9th Ave. Inc., Chi Hang Lewing, Tony Chan, John Doe and, Jane Doe (collectively, the89/ "Defendants") pursuant to Fed.R.Civ.P. 55(b).  He is entitled to compensatory damages and attorneys' fees on his claims under the Fair Labor Standards Act and the New York Labor Law, the costs and disbursements of this action, and pre- and post-judgment interest.

**STATEMENT OF FACTS**

In support of this motion, Plaintiff submits a number of exhibits, including the Complaint, his attorney Jian Hang's declaration ("Hang Decl.") in order to provide the factual basis and relevant procedural history for his claims.  He also submits his attorney Jian Hang's declaration for the Court to consider when calculating the damages in this action. Plaintiff respectfully refers the Court to these documents for a full recitation of the facts relevant to this motion.

**ARGUMENT**

**I.      PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT**

Plaintiff Liang Huo is entitled to judgment by default under Fed.R.Civ.P. 55(b) because Defendants Go Sushi Go 9th Ave. Inc., Chi Hang Lewing, Tony Chan, John Doe and, Jane Doe have not appeared in this action nor answered the pleadings, and the Clerk of the Court has, accordingly, entered the Defendants' default. (Exhibit 7 to Hang Declaration.). Where a party is in default the Court should accept the plaintiff's allegations of fact, except those relating to damages, as true. *See, e.g. Cotton v. Slone,* 4 F.3d 176, 181 (2d Cir. 1993) ("factual allegations are taken as true in light of the general default judgment"); *Greyhound Exhibitgroup, Inc. v.*

*E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992); *Cesario v. BNI Construction, Inc.,* No. 07 Civ. 8545, 2008 U.S. Dist. LEXIS 103155, at *3 (S.D.N.Y. Dec. 15, 2008). The Court may conduct an inquest to calculate damages based solely on documentary evidence so long as the Court ensures that there is a basis for the damages specified in the default judgment. *Fustok v. ContiCommodity Servs., Inc*., 873 F.2d 38, 40 (2d Cir. 1989); *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *3 (conducting inquest on damages in an FLSA case).

## II.     PLAINTIFF IS ENTITLED TO CERTAIN CATEGORIES OF DAMAGES

Under the FLSA and the New York Labor Law, as limited by the specific claims Plaintiff has raised, Plaintiff is entitled to several distinct types of damages. The FLSA and the New York Labor Law require employers to pay their employees a minimum hourly wage. 29 U.S.C.§ 203; N.Y. Labor Law §652. Because Defendants failed to pay Plaintiff at the applicable minimum hourly wage, plaintiff is entitled to his unpaid minimum wage for the entirety of his employment from March 1, 2013 to August 30, 2013.  (*See* Hang Decl. at ¶¶ 3-4)

The FLSA and the New York Labor Law also generally require employers to pay a premium overtime rate to employees who work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1); N.Y. Labor Law § 160; 12 N.Y. C.R.R. § 142-2.2. Specifically, employers must pay employees at least one-and-one-half times their regular rate of pay for each hour worked in excess of 40 in a week. 29 U.S.C. § 207(a)(1); 12 N.Y. C.R.R. § 142-2.2. Because Plaintiff did not receive overtime pay despite working far more than 40 hours per week in every week of his employment, Plaintiff is entitled to overtime pay for the entirety of his employment from March 1, 2013 to August 30, 2013. (*Id. at* ¶¶ 3-4)

Under the New York Labor Law, Plaintiff is also entitled to so-called "spread of hours

pay" equal to one additional hour at the then-existing minimum wage rate for each day in which his spread of hours exceeded 10 hours. 12 N.Y. C.R.R. § 142-2.4. "The spread of hours is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty." 12 N.Y. C.R.R. § 142-2.18. As Plaintiff worked 11 hours per day, five days per week, he is entitled to one additional hour of pay at the then-applicable New York minimum wage rate for five days per week for the entirety of his employment from March 1, 2013 to August 30, 2013. (*Id. at* at ¶¶ 3-4)

An employer who fails to pay in accordance with the FLSA is "liable to the employee ... in the amount of their unpaid minimum wage ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the New York Labor Law, Plaintiff is entitled to an additional amount of liquidated damages equal to 100% of all wages including minimum wage found to be due if it is found the failure to pay wages was willful. N.Y. Labor Law § 198(1-a).

An employer who fails to pay in accordance with the FLSA is "liable to the employee ... in the amount of their unpaid ... overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under the New York Labor Law, Plaintiff is entitled to an additional amount of liquidated damages equal to 100% of all wages including overtime compensation found to be due if it is found the failure to pay wages was willful. N.Y. Labor Law § 198(1-a).

Under the FLSA, Plaintiff is entitled to a credit for expenses for tools of trade. The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's

3

particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.   At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants. Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, that is, $10 per month on maintenance and repair.  (*See Hang* Decl. ¶ 5)

Effective April 9, 2011, New York Labor Law, §195(1)(a), has required Defendants to provide each Plaintiff in writing with notices containing the Plaintiff's rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures.  Effective April 9, 2011, New York Labor Law, §195(3), has required Defendants to provide each Plaintiff in writing with statements with every payment of wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof.  At all relevant times, the Defendants have failed to provide Plaintiff's with written notices and written statements containing their rates of pay and other disclosures as required by the New York Labor Law.  Due to Defendants' New York Labor Law §198(1-b) violations, each Plaintiff is entitled to recover from Defendants, jointly and severally, damages of fifty dollars for each work week that the violations occurred or continued to occur, not to exceed a total of two thousand five hundred dollars each, together with costs and reasonable attorney's fees and the costs of the action, including interest. Due to Defendants' New York Labor Law §198(1-d) violations, each Plaintiff is entitled to recover from Defendants, jointly and severally, damages of one hundred dollars for each work week that the violations occurred or continued to occur, not to exceed a total of twenty-five hundred dollars each, together with costs and reasonable attorney's

fees and the costs of the action, including interest. (*Id. at* ¶ 6)

Under New York law, Plaintiff is entitled to pre-judgment interest at the rate of 9% on all his state-law claims. See N.Y. C.P.L.R. §§ 5001-02. An award of such interest has been approved in cases similar to the one at bar. *See, e.g., Cesario*, 2008 U.S. Dist. LEXIS 103155, at *15-16; *Doo Nam Yan v. ACBL Corp.,* 427 F.Supp.2d 327, 342 (S.D.N.Y. 2005); *Zeng Liu v. Jen Chu Fashion Corp.,* No. 00 Civ. 4221, 2004 U.S. Dist. LEXIS 35, at *15-16 (S.D.N.Y. Jan. 7, 2004); *accord Chan v. Sung Yue Tung Corp.,* No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 33883, at *25-26 (S.D.N.Y. May 7, 2007) ("Prejudgment interest may be awarded on state claims pursuant to N.Y. C.P.L.R. § 5001 even where liability is also found under the FLSA.") (citation omitted). Although Plaintiff cannot recover both liquidated damages and prejudgment interest under the FLSA*, see Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1064 (2d Cir. 1988), he may recover prejudgment interest on his claims under the New York Labor Law including his overtime claim notwithstanding that his overtime claim is also brought under the FLSA, *see Cesario*, 2008 U.S. Dist. LEXIS 103155, at *16 (citing Chan, 2007 U.S. Dist. LEXIS 33883, at *26); *Doo Nam Yang*, 427 F.Supp.2d at 342. And unlike federal law, prejudgment interest under New York Law may be awarded in addition to liquidated damages. *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 265 (2d Cir. 1999); *Cesario,* 2008 U.S. Dist. LEXIS 103155, at *16 (collecting cases).

Finally, under both the FLSA and the New York Labor Law, Plaintiff is entitled to reasonable attorneys' fees and the costs of the action should he be the prevailing plaintiff. 29 U.S.C. § 216(b); N.Y. Labor Law. § 198(1-A).

Accordingly, as set forth in Plaintiff's complaint, Plaintiff brings claims against the defaulted Defendants for:

a. Plaintiff's unpaid minimum wages due under the New York Minimum Wage Act, the New York Labor Law and its regulations and the Fair Labor Standards Act; (Exhibit 1 Complaint to Hang Decl. ¶¶40-47)

b. Plaintiff's unpaid overtime wages due under the New York Labor Law and its regulations and the Fair Labor Standards Act; (*id*. at ¶¶48-55)

c. Plaintiff's unpaid compensation for spread of hours under New York Labor Law and its regulations; (*id*. at ¶¶56-58)

d. Unreimbursed expenses in relation to tools of the trade used by Plaintiff's for $10 per month; (*id*. at ¶¶59-62)

e. Statutory damages under the New York Labor Law; (*id*. at ¶¶63-67)

f. Liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs as applicable to each claim (*id.* at ¶¶43, 47, 51, 55, 58,66,67).

## III.    CALCULATION OF PLAINTIFF'S DAMAGES

In the following subsections, Plaintiff sets forth a detailed calculation and the basis therefore for each category of damages to which he claims he is entitled. However, a threshold issue is whether the Defendants' violations of the law were "willful," as it affects both the statute of limitations under the FLSA and whether Plaintiff is entitled to liquidated damages under the New York Labor Law. See 29 U.S.C. § 255(a) (a cause of action under the FLSA must "be commenced within two years after the cause of action accrued ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"); N.Y. Labor Law § 198(1-a) (plaintiff is entitled to liquidated damages of 100% of the amount of wages owed upon a finding that the employer's failure to pay the wages was willful).

In order to support a finding of willfulness, Plaintiff need only show that Defendants "'knew or showed reckless disregard for the matter of whether [their] conduct was prohibited by the [FLSA].'" *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 141 (2d Cir. 1999) (quoting *McLaughlin v. Richland Shoe. Co.,* 486 U.S. 128, 133 (1988)).   In order to show that an employer had reckless disregard for the FLSA requirements, a plaintiff must show that the employer was aware that such requirements might exist but chose to ignore their potential applicability. *See Yu G. Ke v. Saigon Grill, Inc.,* 595 F.Supp.2d 240, 258-59 (S.D.N.Y. 2008); *Cox v. Town of Poughkeepsie,* 209 F.Supp.2d 319, 328 (S.D.N.Y. 2002).

In this case, although the precise contours of Defendants' knowledge in this area remain undefined, as discovery was never conducted against these Defendants, the Court should nevertheless find that Defendants knew or showed reckless disregard for the matter of whether they had to pay their employees proper wages. It has been alleged in the complaint that the Defendants' violations were willful (Ex. Exhibit 1 Complaint to Hang Decl. at ¶¶ 4, 26,29,33,36,50,62), and the factual allegations contained in the complaint are deemed admitted as a result of Defendants' default, *Cotton,* 4 F.3d at 181; Greyhound, 973 F.2d at 158. *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *14-15 (finding plaintiff's allegations in complaint that employer's violations of FLSA were willful were uncontroverted by the Defendants as a result of their default and, accordingly, finding that Defendants' violations were willful within meaning of FLSA).

A.    **Back Pay (Minimum and Overtime) Under the FLSA and New York State Labor Law**

In 2013, FLSA required that employees must be paid at least $7.25 per hour, and one-and-a-half times their regular rate for each hour worked over forty hours in a week. 29 U.S.C. §

207(a)(1). Thus, overtime work must be compensated at a rate of at least $10.875 per hour. In 2013, the minimum wage under New York law was the same as under the FLSA. N.Y. Labor Law § 652(1). New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-a-half times the regular normal rate for each hour over forty hours in a week. 12 N.Y.C.R.R. § 142-2.2.

Regardless of whether an employee is paid on a piecework, hourly, commission, or other basis, he must be paid the equivalent of the required minimum and wages and overtime for hours worked. 29 C.F.R. § 776.5 provides that required minimum wages and overtime are not dependent on the method of compensation of employees.

Specifically, back pay under the FLSA is calculated as the difference between the lawfully required pay and the pay actually received. E.g., *Roman v. Maietta Const., Inc.,* 147 F.3d 71, 76 (1st Cir. 1998) (in calculating employer's liability for back pay to former employee for unpaid overtime under FLSA, district court properly deducted the amount of regular hourly compensation already paid for the overtime hours in dispute); *Tran v. Tran,* 860 F.Supp. 91, 96 (S.D.N.Y. 1993), *aff'd in part and rev'd in part on other grounds,* 54 F.3d 115 (2d Cir 1995), cert. denied, 517 U.S. 1133, 116 S. Ct. 1417 (1996) (the tips received by the plaintiff in the course of his employment were to be offset any damages for failure to pay the required minimum wage).

The onus is on the employer to maintain proper records of employees' hours worked, 29 U.S.C. § 211(c). "In a FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp.,* 2004 WL 33412, *3 (S.D.N.Y. 2004) (the court accepted the plaintiffs' estimates of hours worked).

> An employee has carried out his burden [of production under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work by just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88, 66 S. Ct. 1187 (1946), and other cases).

Here, Annexed to the moving papers as Exhibit 8 to Hang Decl. are Plaintiff's damages calculations.   Plaintiff is paid $223,85 per week ($970 monthly X12 / 52=$223.85).  Plaintiff should be paid $ 453.13 per week ($7.25x40+10.875x15). There are 26 weeks from March 1, 2013 to August 30, 2013, therefore, the total amount owned to Plaintiff for this period is $5,961.28=$229.28x26.

## B.     Spread of Hours Pay Under New York Labor Law

Under the New York Labor Law, Plaintiff is entitled to "spread of hours pay" of one additional hour at the then-existing minimum wage rate for each day in which his spread of hours exceeded 10 hours. 12 N.Y. C.R.R. § 142-2.4; *see Cesario*, 2008 U.S. Dist. LEXIS, at *12-13. "The spread of hours is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty." 12 N.Y. C.R.R. § 142-2.18. Like Plaintiff's other claims under the New York Labor Law, this claim is subject to a six-year statute of limitations, N.Y. Labor Law § 198(3), which covers the entirety of Plaintiff's employment.

As Plaintiff declares that he worked 11 hours per day, his total spread of hours each day is greater than 10 and, accordingly, he is entitled to one additional hour's pay at the then-

applicable New York minimum wage rate for each day of his employment. As shown on the damages calculations, annexed to the moving papers as Exhibit 8 to Hang Decl., Plaintiff's spread of hours pay is $942.50=$7.25x5x26 (26 weeks from March 1, 2013 to August 30, 2013, 5 days a week, which a minimum of $7.25 per hour).

## C.    Liquidated Damages

"An employer who violates the FLSA's overtime provision ... 'shall be liable' to employees for unpaid overtime and 'an additional equal amount as liquidated damages.' *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *13 (quoting 29 U.S.C. § 216(b)). Similarly, an employer who violates the New York Labor Law is liable for liquidated damages in the amount of 100% of any wages illegally withheld. N.Y. Labor Law. § 198 (1-A). Such damages "are considered compensatory rather than punitive in nature."' *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *13 (quoting *Reich v. S. New Eng. Telecomm. Corp.,* 121 F.3d 58, 71 (2d Cir. 1997)). They are meant to be compensation for the retention of pay, which might result in damages to the employee that are too difficult to prove or estimate other than through liquidated damages. *Cesario*, 2008 U.S. Dist. LEXIS 103155, at *13 (citing Reich, 121 F.3d at 71 and *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945)).

"Courts have discretion to deny an award of liquidated damages where the employer shows that, despite the failure to pay appropriate wages, the employer acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Herman*, 172 F.3d at 142 (quoting 29 U.S.C. § 260). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Id*. (citing Reich, 121 F.3d at 71). To carry their burden, the Defendants here "must produce plain and

substantial evidence of at least an honest intention to ascertain what the [FLSA] requires and to comply with it." *Reich*, 121 F.3d at 71 (internal quotation and citation omitted). In this case, the defaulting Defendants have made no such showing and, accordingly, Plaintiff should receive liquidated damages.

Accordingly, Plaintiff is entitled to recover 100% liquidated damages under the FLSA on his overtime claim, and 100% liquidated damages under the New York Labor Law. As shown in the damages calculations, annexed to the moving papers as Exhibit 8 to Hang Decl., Plaintiff is entitled to $5,961.28=5,961.28x100%. in liquidated damages on his FLSA minimum wage and overtime claim. Plaintiff is also entitled to recover 100% liquidated damages under the New York Labor Law on his spread of hours, minimum wage and overtime claims in the amount of $5,961.28 ($5,961.28=5,961.28x100%).

**D.     Reimburse Expenses Relating to Tools of the Trade**

Plaintiff can recover his unreimbursed costs. By failing to reimburse him for any costs incurred in the course of his work for Defendants, Defendants converted Plaintiff's property. *Colodney v. Continuum Health Partners, Inc.*, 2004 WL 829158 at *11 (S.D.N.Y., April 15, 2004); *Woodie v. Azteca Intern. Corp.*, 9 Misc.3d 1104(A), 806 N.Y.S.2d 449 at *4 (N.Y.Sup., 2005). Plaintiff laid out approximately $60 of his own money for business related expenses, which Defendants failed to reimburse him. (*See* Section IV of Exhibit 8 to Hang Decl.)

**E.     Failure to Provide Notices and Statements Under New York Law**

Effective April 9, 2011, New York Labor Law, §195(1)(a), has required Defendants to provide each Plaintiff in writing with notices. Effective April 9, 2011, New York Labor Law, §195(3), has also required Defendants to provide each Plaintiff in writing with statements with every payment of wages, listing the dates of work covered by the payment of

11

wages, the rate of pay and the basis thereof.  New York Labor Law §198(1-b) states that a Plaintiff is entitled to recover from Defendants, damages of fifty dollars for each work week that the violations occurred or continued to occur, not to exceed a total of two thousand five hundred dollars each, together with costs and reasonable attorney's fees and the costs of the action, including interest. New York Labor Law §198(1-d) states that a Plaintiff is entitled to recover from Defendants, damages of one hundred dollars for each work week that the violations occurred or continued to occur, not to exceed a total of twenty-five hundred dollars each, together with costs and reasonable attorney's fees and the costs of the action, including interest.

Here, Plaintiff is entitled to recover a total amount of $3,900 as explained by section VI of Exhibit 8 to Hang Decl. ($3,900=$50x26 +$100x26 (26 weeks, $50 per week for failure to provide written notice in violation of New York Labor Law §198(1-b), $100 per week for failure to provide written statement in violation of New York Labor Law §198(1-d)).

## F.     Pre-Judgment Interest

As set forth above, an award of pre-judgment interest under New York law is appropriate on all of Plaintiff's claims notwithstanding that he is being awarded liquidated damages under the FLSA. *Cesario,* 2008 U.S. Dist. LEXIS 103155, at *16-17 (calculating prejudgment interest on default judgment on FLSA overtime wages and New York spread of hours pay and unpaid wages). In the Exhibit 8 Section VII to Hang Decl., Plaintiff's attorney explains how the pre-judgment interest calculation was made in this case, which the Court should accept as reasonable.

Accordingly, Plaintiff should be awarded pre-judgment interest as follows: $464.73=($5,961.28+$942.50)(minimum wage and overtime back-pay +spread of hours pay)x0.09/365x273(273 days from June 1, 2013 to Feb 28, 2014).

**E.      Summary of Requested Damages Award**

Below is a chart showing the total compensatory damages Plaintiff is seeking by this motion:

**Total Damages Exclusive of Attorneys' Fees and Costs**

| | |
|---|---|
| Back Pay (Minimum and Overtime Overtime) | $5,961.28 |
| Spread of Hours Pay Under New York Labor Law | $942.50 |
| Liquidated Damages Under FLSA | $5,961.28 |
| Liquidated Damages Under New York Labor Law | $5,961.28 |
| Reimburse Expenses Relating to Tools of the Trade | $60 |
| Failure to Provide notices and statements under New York Law | $3,900 |
| Pre-Judgment Interest - Unpaid | $464.73 |
| | |
| Total | $23,251.07 |

Accordingly, Plaintiff requests that he be awarded compensatory damages, liquidated damages, and pre-judgment interest against the defaulting Defendants in the amount of $23,251.07 as of February 28, 2014, but that the amount should be recalculated to include pre-judgment interest to the date of judgment.

**IV.     PLAINTIFF IS ALSO ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS**

In an action under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of

13

the action." 29 U.S.C. § 216(b). Fees and costs are also awardable under the New York Labor Law with respect to the state law claims. N.Y. Labor Law § 198; *see, e.g., Guardado v. Precision Fin., Inc.*, No. 04 Civ. 3309, 2008 U.S. Dist. LEXIS 47881, at *2 (E.D.N.Y. Mar. 25, 2008).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 186 (2d Cir. 2008). Prior to Arbor Hill, this amount was known as the "lodestar" amount, which the Second Circuit has suggested be known going forward as the "presumptively reasonable fee." *Id*. at 183.

It is "well established that 'any attorney ... who applied for court-ordered compensation in this Circuit ... must document the application with contemporaneous time records ... specifying, for each attorney, the date, the hours expended, and the nature of the work done.'" *Cesario,* 2008 U.S. Dist. LEXIS 103155, at *19 (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711* F.2d 1136, 1148 (2d Cir. 1983)). While reviewing the records, the Court should make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany,* 42 F.3d 131, 134 (2d Cir. 1994).

The inquiry should be focused on "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted). However, in considering the records, the Court should not "engage in 'an ex post facto determination of whether attorney hours were necessary to the relief obtained.'" *Cesario,* 2008 U.S. Dist. LEXIS 103155, at *20 (quoting Grant, 973 F.2d

at 99)). While the Court may exclude hours from the calculation that are "excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]here is no precise rule or formula for making these determinations," *id.* at 436.

Plaintiff's attorney has submitted a compilation of his contemporaneous time records for the Court's consideration on this motion. (Exhibit 9 to Hang Decl.) Jian Hang, principal attorney at Plaintiff's attorneys' firm, Hang & Associates, PLLC, describes in detail the manner in which the time records were compiled, explains why the hours were usefully and reasonably expended. (Hang Decl., passim.) The Court should find that all attorney hours spent on this case were reasonable under the circumstances and include every hour expended in its calculation of the presumptively reasonable fee.

With respect to figuring a reasonable hourly rate, the Second Circuit has held that the term means "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. The rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (citation omitted). In considering the appropriate rate, the Court may also use its own knowledge of the relevant market. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006).

The Honorable Arthur D. Spatt held that $250.00 per hour is a reasonable hourly rate for lead attorneys in FLSA cases in the Eastern District of New York. *Estrella v. P.R. Painting Corp.*, 596 F.Supp.2d 723, 725 (E.D.N.Y. 2009). However, he also observed that hourly rates for attorneys approved in the Eastern District range from $200 to $350 for partners, $200 to $250 for experienced associates, and $70-$80 for legal assistants. *Id.* (citing *Hyeon Soon Cho v. Koam*

*Med. Servs. P.C.*, 524 F.Supp.2d 202, 209 (E.D.N.Y. 2007); see *Restivo Guardado v. Precision Financial, Inc.*, No. 04 Civ. 3309, 2008 U.S. Dist. LEXIS 47881, at *9-20 (E.D.N.Y. March 9, 2008) (approving $325/hour for lead partner in New York Labor Law case in Eastern District of New York); *see also Cesario*, 2008 U.S. Dist. LEXIS 103155, at *26 (approving $250/hour for lead attorney and $200/hour for associates in the Southern District of New York) (citing *Tlacoapa v. Carregal*, 386 F.Supp.2d 362, 370 (S.D.N.Y. 2005) ($250/hour for lead attorney in FLSA case)).

Plaintiff in this case respectfully submits that this Court should find that $350 per hour is a reasonable hourly rate for Jian Hang, principal attorney at Hang & Associates, PLLC. The Declaration of Jian Hang sets forth a calculation of the attorneys' fees.  Plaintiff requests in this case based upon the hours reasonable expended to litigate it multiplied by the above hourly rates that Plaintiff asserts are reasonable. Below is a summary of the calculations:

| Person Who Performed Work | Title | Number of Billable Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Jian Hang | Partner | 28.2 | $350 | $9,870 |

In addition, Plaintiff is also entitled to the costs expended on his behalf, for a total amount of $460. (Exhibit 10 to Hang Decl.) The Court should award these costs. *Cesario,* 2008

U.S. Dist. LEXIS 103155, at *26-27 (citing *Arbor Hill*, 369 F.3d at 97-98).

## V.    THE PROPOSED DEFAULT JUDGMENT ACCURATELY REFLECTS THAT WHICH IS SET FORTH ABOVE

Plaintiff submits a proposed judgment reflecting all of that which is set forth above. The proposed judgment orders the following:

- Compensatory damages in the amount of $10,863.78

- Liquidated damages in the amount of $11,922.56;

- Pre-judgment interest in an amount to be determined by the Court;

- Post-judgment interest in an amount to be determined by the Court;

- Attorneys' fees in the amount of $9,870;

- Cost in the amount of $460;

It is respectfully submitted that the Court should find the proposed judgment is proper in all respects.

## CONCLUSION

For all the reasons set forth above, Plaintiff's motion should be granted in its entirety.

Dated: Flushing, New York                                      HANG & ASSOCIATES, PLLC.
        February 10, 2014

                                                               *S/JIAN HANG*

                                                               _____
                                                               Jian Hang
                                                               136-18 39th Ave., Suite 1003
                                                               Flushing, New York 11354
                                                               Tel: 718.353.8588
                                                               jhang@hanglaw.com

                                                               *Attorney for Plaintiff*