```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
APR 1 0 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LIANG HUO,

                Plaintiff,

     -v-

GO SUSHI GO 9TH AVE., et al.,

                Defendants.

------------------------------------------------------------X

13 Civ. 6573 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On September 17, 2013, plaintiff Liang Huo ("plaintiff" or "Huo") filed this action against defendants Go Sushi Go 9th Ave. Inc. d/b/a Go Sushi ("Go Sushi"), Chi Hang Lewing ("Lewing"), Tony Chan ("Chan"), John Doe, and Jane Doe (collectively, "defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq., the New York Labor Law ("NYLL"), and "other appropriate rules, regulations, statutes[,] and ordinances governing minimum and overtime wages, spread of hours, reimbursement for expenses relating to tools of the trade, and notices and statements of rates of pay." (Compl., Sept. 17, 2013, ECF No. 1.)

On September 19, 2013, plaintiff effectuated service of process upon each plaintiff. (ECF Nos. 4-9.)[1] To date, defendants have failed to answer or otherwise respond to the Complaint; indeed, defendants have not appeared or otherwise

---

[1] According to each executed Summons filed by plaintiff, service was effectuated both by personal delivery to an individual of suitable age at the corporate defendant's place of business and additionally, via first-class mail. (ECF Nos. 4-8.)

1

sought to defend themselves at any point during this litigation. See Jones v. Niagra Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se.") (citing Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.3d 426, 427 (2d Cir. 1967)).

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a court must follow a two-step process before entering a default judgment. First, under Rule 55(a), the clerk of court enters default when a party fails to "plead or otherwise defend" itself. See Fed. R. Civ. P. 55(a). Second, under Rule 55(b), the party seeking default judgment may make an application to the Court for the entry of default judgment. See Fed. R. Civ. P. 55(b).

In this case, on January 10, 2014, plaintiff obtained a Certificate of Default as against defendants. (ECF No. 15.) Initially, plaintiff failed to timely move for default judgment in accordance with the undersigned's individual practices; on February 4, 2014, the Court thus dismissed the action without prejudice to re-file on or before February 18, 2014. (ECF No. 16.) On February 5, 2014, plaintiff moved to reopen the case (ECF No. 17), which the Court granted on February 6, 2014. (ECF No. 18.) On February 10, 2014, plaintiff incorrectly filed a motion for default judgment. (ECF Nos. 19-21.) Prior to that motion being automatically rejected by the electronic case filing system, however, the Court Ordered defendants to appear and Show Cause why default should not be entered against them. (ECF No. 23.) The Show Cause hearing was scheduled for March 12, 2014. (ECF No. 23.)

On February 14, 2014, plaintiff re-filed the motion for default judgment in accordance with the proper procedure. (ECF No. 24.) On February 19, 2014, the Court Ordered plaintiff to serve the newly-filed motion and supporting materials, the Court's February 11, 2014 Order, and its February 14, 2014 Order upon defendants. (ECF No. 27.) On February 20, 2014, plaintiff filed a notice of service, which certified compliance with the Court's February 14, 2014 Order. (ECF No. 28.) On March 12, 2014, an Order to Show Cause hearing was held – defendants failed to appear. On April 1, 2014, the Court Ordered plaintiff to produce a sworn affidavit or affirmation to further support the allegations. (ECF No. 29.) On April 8, 2014, plaintiff complied with the Court's Order. (ECF No. 30.)

As aforementioned, defendants have not sought to defend themselves at any time during this action. Accordingly, as set forth below, the Court hereby enters default judgment against defendants.

I. DISCUSSION

A. Liability

In deciding whether default should enter, the Court must first determine if plaintiff has adequately pleaded the elements of the causes of action for which he seeks default. See, e.g., Young-Flynn v. Wright, No. 05 Civ. 1488, 2007 WL 241332, at *24 (S.D.N.Y. Jan. 26, 2007) (explaining that "default judgment is inappropriate where a plaintiff has failed to state a cause of action against the allegedly defaulting defendant, regardless of whether the defendant filed a prompt response, or any response at all") (citations omitted).

3

In this case, plaintiff worked as a delivery person at Go Sushi, which plaintiff alleges is owned by individual defendants Lewing, Chan, and John and Jane Doe, from March 1, 2013 to August 30, 2013. (Compl. ¶¶ 2, 18.) Plaintiff alleges that pursuant to the FLSA and NYLL, he is entitled to: (1) unpaid minimum wages; (2) unpaid overtime wages; (3) spread of hours compensation; (4) reimbursement for expenses relating to the tools of the trade; (5) liquidated damages; and (6) attorney's fees and costs. (Id. ¶ 5.)

Plaintiff alleges he was paid approximately $970 per month; he contends he worked 11 hours per day, 55 hours per week, and that he was paid approximately $4.40 per hour. (Id. ¶¶ 19-20.) Plaintiff also alleges that in order to "deliver hot meals," he bought an electric bicycle, for which he spent $10 per month on maintenance and repair. (Id. ¶ 21; see also Jian Hang's Declaration in Support of Motion for Default Judgment ("Hang Decl.") ¶ 5, Feb. 14, 2014, ECF No. 25.) According to plaintiff, defendants "had a policy and practice of refusing to reimburse [p]laintiff for expenses incurred in relation to tools of the trade used by [p]laintiff in order to deliver food to customers of [d]efendants." (Compl. ¶ 21.) Last, plaintiff argues that defendants failed to provide plaintiff with "written notices and written statements containing [his] rates of pay and other disclosures as required by the New York Labor Law." (Id. ¶ 39.)

### 1. Minimum and Overtime Wages

Beginning July 24, 2009, the FLSA required that an employer "engaged in commerce or in the production of goods for commerce" pay at least $7.25 per hour.

4

29 U.S.C. § 206(a)(1)(C); N.Y. Lab. Law § 652.[2] The FLSA also requires employers to pay covered employees 1.5 times their hourly rate for time worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1); N.Y. Comp. Code R. & Regs. tit. 12 §§ 142-2.2, -3.2.

In order to establish liability under the FLSA, a plaintiff must prove that both the employee and the employer are covered by the law. The FLSA applies to "employees" or who are "employed" by "employers." 29 U.S.C. §§ 206(a), 207(a)(1). The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). An employer is covered by the FLSA if "engaged in commerce or in the production of goods for commerce" or where the employer "is an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1).

To be "engaged in commerce or in the production of goods for commerce," the enterprise must have:

> [E]mployees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or

---

[2] While plaintiff may have received tips as a delivery person (an issue not addressed by plaintiff), defendants may not reap the benefits of the FLSA's "tip credit" provision because defendants bear the burden of showing they: "(1) inform[ed] the employee of the 'tip credit' provision of the FLSA, and (2) permit[ted] the employee to retain all of the tips the employee receives to qualify for the tip credit." Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 287 (S.D.N.Y. May 27, 2011) (internal quotation marks and citation omitted); see Wicaksono v. XYZ 48 Corp., No. 10 Civ. 3635, 2011 WL 2022644, at *5 (S.D.N.Y. May 2, 2011), report & recommendation adopted by 2011 WL 2038973 (S.D.N.Y. May 24, 2011) (explaining that if an employer fails to prove it provided its employees with proper notice, the employer is ineligible to take advantage of the tip credit and must pay plaintiff the full, legally-required minimum wage).

> otherwise working on goods or materials that have been
> moved in or produced for commerce by any person; and . .
> . whose annual gross volume of sales made or business
> done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A). The requirements to make out a claim under the NYLL mirror the FLSA in most respects; however, the NYLL does not require a plaintiff to show that the employer was involved in interstate commerce or had $500,000 in minimum annual sales. See, e.g., Santillan v. Henao, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011).

In this case, plaintiff alleges that at all relevant times, plaintiff was an employee within the meaning of the FLSA and the NYLL. (Compl. ¶ 11.) Plaintiff contends that defendants were engaged in commerce or the production of goods for commerce and had an annual gross volume of sales of not less than $500,000. (Id. ¶ 14.) Plaintiff further states that the individual defendants were owners, officers, shareholders, and managers of Go Sushi, and that they exercised the type of control necessary to be deemed an "employer" for purposes of the FLSA. (Id. ¶¶ 15-17.)[3] Plaintiff argues that from March 1, 2013 to August 1, 2013, he was not paid the proper minimum and overtime wages required by law. (Id. ¶¶ 18-19.) Specifically,

---

[3] According to the Second Circuit, which has articulated a few different tests to facilitate the determination of whether an employment relationship exists under the FLSA, "control is key." Glatt v. Fox Searchlight Pictures, Inc., 293 F.R.D. 516, 525-56 (S.D.N.Y. 2013) (quoting Lopez v. Acme Am. Envtl. Co., No. 12 Civ. 511, 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012) (citing Carter v. Dutchess Cmty. Coll., 735 F.2d 8 (2d Cir. 1984) and Zheng v. Liberty Apparel Co., 355 F.3d 61 (2d Cir. 2003))).

6

plaintiff asserts that he worked 55 hours per week at a rate of approximately $4.40 per hour. (Id. ¶ 19.)

Based on these allegations, and because defendant has defaulted and thus not rebutted plaintiff's contentions, the Court finds plaintiff has sufficiently made out a claim for a violation of federal and state minimum wage and overtime provisions, and thus enters a liability judgment against defendants as to each such cause of action.

### 2. Spread of Hours

Pursuant to the NYLL, covered employees are entitled to receive one additional hour's pay at the minimum wage for any day on which "the spread of hours exceeds 10 hours." N.Y. Comp. Code R. & Regs. tit. 12 § 142-2.4(a). Plaintiff alleges that he worked 11 hours per day five days per week and never received a spread of hours wage. (Compl. ¶¶ 19-20.) The Court therefore enters a liability judgment as to plaintiff's spread of hours claim.

### 3. Reimbursement for Expenses Relating to Tools of the Trade

"The FLSA prohibits employers from requiring employees to purchase the tools of their trade or give any money back to their employers, 'when the cost of such tools purchased by the employee cuts into the minimum or overtime wage required to be paid [to] him under the Act.'" Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., No. 08 Civ. 3725, 2010 WL 4159391, at *4 (S.D.N.Y. Sept. 30, 2010) (quoting 29 C.F.R. § 531.35). Employment-related expenses involving "facilities" used "primarily for the benefit or convenience of the employer" may not function so as to

7

reduce an employee's wage below what is statutorily required. 29 C.F.R. § 531.3(d)(1).

While courts in this district have held that bicycles qualify as tools of the trade under the FLSA for delivery persons, see, e.g., id. (citing Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 257-58 (S.D.N.Y. 2008)), plaintiff's allegations are not sufficiently specific so as to justify a liability judgment as to this cause of action. Plaintiff alleges that he needed a bicycle "[t]o deliver hot meals;" he does not assert, for example, the distance which he was required to travel to deliver meals, how often he used the bicycle, the level of difficulty he would have experienced had he not had a bicycle, etc. (Compl. ¶ 21.) Since plaintiff's allegations are conclusory and inadequate on this point, the Court declines to grants relief on this claim.

### 4. Notices and Statements of Rates of Pay

The New York Wage Theft Prevention Act, N.Y. Lab. Law § 195, which became effective on April 9, 2011, requires employers to give employees notice "at the time of hiring" and "on or before February first of each subsequent year of the employee's employment" of their rates of pay, allowances, the regular pay day, etc. N.Y. Lab. Law § 195(1)(a). The law also requires employers to provide employees "with a statement with every payment of wages" containing information such as the name of the employee, the name of the employer, the rate or rates of pay, deductions, allowances, net wages, etc. N.Y. Lab. Law § 195(3). According to plaintiff, defendants failed to provide him with these required items. (Compl. ¶ 39.) Thus, a liability judgment is entered against defendant on this cause of action.

### 5. Conclusion

Based on plaintiff's allegations, the Court finds defendants liable for plaintiff's unpaid minimum and overtime wages, spread of hour wages, and notices and statements of rates of pay claims. The Court declines to grant relief for plaintiff's tools of the trade claim.

### B. Damages

When a party is in default, it is "deemed to constitute a concession of all well pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 669 F.3d 230, 234 (2d Cir. 2012) (citation omitted). "There must be an evidentiary basis for the damages sought." Id. (citation omitted). While courts often conduct an inquest hearing to determine the damages owed, such hearing is not mandatory. Id. (explaining that "'Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages" (quoting Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993))).

In this case, no inquest hearing was held. Thus, the Court relies solely on the papers provided by plaintiff.

#### 1. Minimum and Overtime Wages

Plaintiff alleges that he is owed a total of $5,961.28 in minimum and overtime wages. (See Hang Decl., Ex. 8 at 1.) Plaintiff explains that while he worked for defendants, he was paid $970 per month, which amounted to

9

approximately $223.85 per week. (Id.) Plaintiff's papers, while not particularly clear, argue that he should have been paid an hourly rate of $7.25 per hour for 40 hours of work each week, and then paid $10.875 as overtime ($7.25 x 1.5) for the additional 15 hours of work he completed each week. In sum, plaintiff states he should have been paid $290 for 40 hours worth of work and another $163.125 in overtime, for a total of $453.125. Since plaintiff was only paid $223.85 per week, he is owed $229.275 ($453.125-$223.85) in minimum and overtime wages for each of the 26 weeks week he worked, totaling $5,961.15 in damages for unpaid minimum and overtime wages.[4]

In support of these allegations, plaintiff has provided a sworn declaration that states he worked 55 hours per work as a delivery person for defendants from March 1, 2013 to August 30, 2013 and that he was paid approximately $970 per month. (Declaration of Liang Huo ("Huo Decl.") ¶¶ 2-3, Apr. 8, 2014, ECF No. 30.) The Court finds these damages warranted under the law. See Rios v. Neighborhood Construction Corp., No. 07 Civ. 8701, 2009 WL 3335354, at *1 (S.D.N.Y. Oct. 14, 2009) ("Plaintiffs' proffers are presumed to be correct in the absence of any rebuttal evidence proferred by [d]efendants.") (citation omitted); Chun Jie Yin v. Kim, No. 07 Civ. 1236, 2008 WL 906736, at *3 (E.D.N.Y. Apr. 1, 2008) ("When a defendant defaults in an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are presumed to be correct.") (citations omitted).

---

[4] Plaintiff rounded in his calculations; the Court did not. Thus, the Court's figures are slightly different from those provided by plaintiff.

The Court therefore finds that defendants owe plaintiff $5,961.15 in damages for unpaid overtime and minimum wages.

2. Spread of Hours

Plaintiff alleges that he worked 26 weeks, five days per week, 11 hours per day (see Huo Decl. ¶¶ 2, 4) – thus, he is owed one additional hour's pay at $7.25 under the NYLL spread of hours provisions, for a total of $942.50 ($7.25 x 5 days per week x 26 weeks = $942.50). The Court finds no error in plaintiff's computation, and having entered liability against defendants on plaintiff's spread of hours claim, hereby finds that plaintiff is indeed owed $942.50 in spread of hours wages.

3. Notices and Statements of Rates of Pay

Plaintiff claims that he is owed $50 per week for defendants' failure to provide him with written notice of his rates of pay and other such information and that he is owed $100 per week for their failure to provide him with routine written pay statements and other such information. (Id., Ex. 8 at 2.) In total, plaintiff claims that he is owed $3,900, which is the sum of $50 for 26 weeks ($1,300) plus $100 for that same 26 weeks ($2,600).

Section 198(1-b) of the NYLL provides: "If any employee is not provided within [10] business days of his . . . first day of employment a notice as required by [Section 195(1)], he . . . may recover . . . [$50] for each work week that the violations occurred or continue to occur, but not to exceed a total of [$2,500], together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-b). Similarly, Section 198(1-d) provides: "If any employee is not provided a statement or statements as

required by [Section 195(3)], he . . . shall recover . . . damages of [$100] for each work week that the violations occurred or continue to occur, but not to exceed a total of [$2,500], together with costs and reasonable attorney's fees."

Accordingly, the Court finds that plaintiff – who inexplicably acknowledged the $2,500 limit yet sought more than that amount – is entitled to $1,300 ($50 x 26 weeks) for the violation of Section 195(1) and $2,500 (which is the highest recovery possible) for the violation of Section 195(3).

### 4. Liquidated Damages

"Both the FLSA and the NYLL provide for the recovery of liquidated, in addition to compensatory, damages." Gurung v. Malhotra, 851 F. Supp. 2d 583, 592 (S.D.N.Y. 2012). After a number of changes to the law over the last few years, both the FLSA and the NYLL now allow for 100% of the wages owed to be recovered as liquidated damages, unless the employer demonstrates it acted in good faith. 29 U.S.C. §§ 216(b), 260; N.Y. Lab. Law § 198(1-a). While there is diverging case law regarding whether employees may recover liquidated damages under both the FLSA and the NYLL, see, e.g., Switzoor v. SCI Engineering, P.C., No. 11 Civ. 9332, 2013 WL 4838826, at *5 (S.D.N.Y. Sept. 11, 2013) (comparing cases), this Court finds plaintiff may recover liquidated damages under both statutes because of their diverging purposes (the FLSA liquidated damages provision is compensatory in nature while the NYLL liquidated damages provision is intended to be punitive).

In this case, because defendants have failed to appear and thus have not met their burden of proving that they acted in good faith, the Court finds that plaintiff is

entitled to recover liquidated damages under both the FLSA and the NYLL for unpaid wages owed, in the total sum of $11,922.30.

### 5. Prejudgment Interest

Plaintiff claims he is owed $464.73 in prejudgment interest, which is the sum of his minimum wage damages, overtime damages, and spread of hours damages, multiplied by the 9% interest rate, beginning June 1, 2013 – the midpoint of the time during which the damages accrued – and ending February 28, 2014. (See Pl.'s Mem. at 12.)

The Court finds that plaintiff is entitled to prejudgment interest on his state law claims; he is not entitled to prejudgment interest on his FLSA claims because liquidated damages have the Court has assessed liquidated damages. See Santillan v. Henao, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) ("Since liquidated damages awarded under the FLSA for unpaid overtime is designed to compensate employees for delay in payment, such damages are the functional equivalent of prejudgment interest on the overtime pay. Plaintiff is therefore entitled to an award of prejudgment interest only on unpaid wages and spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed."). In this case, plaintiff is thus entitled to prejudgment interest only on his spread of hours claim, which awarded damages in the amount of $942.50.

As plaintiff notes, he is entitled to prejudgment interest at a rate of 9% per annum. See N.Y.C.P.L.R. §§ 5001, 5001; Smith v. Nagai, No. 10 Civ. 8237, 2012 WL 2421740, at *4 (S.D.N.Y. May 15, 2012). In situations such as the one currently

before this court, where "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date," to be determined at the discretion of the court. N.Y.C.P.L.R. § 5001(b); see Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 90 (2d Cir. 1998) ("New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single reasonable intermediate date,' which can be used to simplify the calculation.") (citation omitted). The Court uses the midway point between when plaintiff began working for defendants and when he stopped worked for defendants as a "reasonable intermediate date" for purposes of calculating prejudgment interest in this case. See Santillan, 822 F. Supp. 2d at 298-99. Thus, the Court calculates the accumulation of interest beginning on June 1, 2013.

Accordingly, the Court here finds that as of April 1, 2014, defendants owe plaintiff $70.91 in prejudgment interest, which the Court determined by multiplying the principal ($942.50) by the interest rate (0.09) and the amount of time that has passed (0.836 of a year), to continue accumulating at 9% per annum until judgment is entered (in which case post-judgment interest may be available).

C. Attorneys' Fees

Plaintiff also requests $9,870 in attorney's fees and $460 in costs. (Pl.'s Mem. at 16-17.) Both the FLSA and the NYLL are fee-shifting statutes, allowing plaintiff

to recover his reasonable attorney's fees and costs. See 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-3).

In order to determine an appropriate fee award, courts typically start with a determination of the lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Healey v. Leavitt, 458 F.3d 63, 71 (2d Cir.2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see also Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (explaining that "[t]he Supreme Court recently approved the lodestar approach over the more discretionary approach that had been adopted by the 5th Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)."). Counsel for the prevailing party must submit evidence in support of its proposed figures, and "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 433-34. Contemporaneous billing records are required. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) (citation omitted); see also Scott v. City of N.Y., 626 F.3d 130, 132 (2d Cir. 2010).

A reasonable hourly rate is based on "the [current] prevailing market rate for lawyers in the district in which the ruling court sits." Anthony, 844 F. Supp. 2d at 507; see also Costello v. Flatman, No. 11 Civ. 287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) ("A reasonable hourly rate is 'the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'") (quoting Arbor

15

Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008)). "A court may determine the reasonable hourly rate by relying both on 'its own knowledge of comparable rates charged by lawyers in the district,' as well as on 'evidence proffered by the parties.'" Adorno v. Port Authority of N.Y. & N.J., 685 F. Supp. 2d 507, 511 (S.D.N.Y.2010) (citing Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y.2004); Farbotko v. Clinton Cnty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005)).

Here, plaintiff's counsel argues that he should be paid at a rate of $350 per hour. (Pl.'s Mem. at 16.) Plaintiff has been practicing law for almost 10 years; he spends approximately 70% of his time litigating employment-related issues. (Hang Decl. ¶ 22.) He states that he has "extensive experience representing employers and employees in wage and hour cases under the FLSA and the [NYLL]," as evidenced by the fact that he is currently representing plaintiffs with wage and hours claims in 14 federal lawsuits. (Id. ¶ 23.)

Based on the applicable case law, the Court's own knowledge of the prevailing rates in this district, and the evidence put forth by plaintiff, the Court finds $350 to be an acceptable hourly rate in this action. See, e.g., Greathouse v. JHS Sec., Inc., No. 11 Civ. 7845, 2012 WL 5185591, at *6 (S.D.N.Y. Oct. 19, 2012) (finding that $300 per hour was the appropriate rate for an FLSA/NYLL case; noting that "this was not a complex case; it did not demand great resources; and defendants never even appeared in the case") (citation omitted); Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) ("Court in this [d]istrict have

16

determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators between $250 and $450.").

In determining the proper number of hours for which a defendant should be compensated, "the district court should exclude excessive, redundant[,] or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1997). "The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992) (citations omitted). The Court must "examine[ ] the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir.1997).

Here, counsel for plaintiff has provided contemporaneous billing records and seeks payment for approximately 28.2 hours of work. (Pl.'s Mem. at 16.) Plaintiff seeks payment for researching the various claims under state and federal law, meeting with plaintiff, drafting and revising the Complaint, making various filings with the Court, preparing the action for default, etc. (Hang Decl., Ex. 9.)

While plaintiff's counsel does not seek reimbursement for a particularly large number of hours, a review of his contemporaneous billing statement reveals that the hours sought are nonetheless excessive. First, plaintiff spent 2.6 hours researching the relevant law. (Id.) While not a particularly lengthy period of time, the Complaint and other documents submitted in connection with this action seem

quite pro forma – the Court highly doubts plaintiff's counsel spent any time legitimately researching the law, let alone 2.6 hours, prior to filing this action.

Similarly, plaintiff's counsel spent 7.0 hours discussing the Complaint with plaintiff and drafting and revising it. (Id.) Again, the Complaint reads as though plaintiff's counsel uses essentially the same Complaint in a number of his cases, with minor variations to account for the different factual circumstances presented by each client. As such, the Court finds the 7.0 hours spent by counsel excessive.

Moreover, plaintiff spent 11.6 hours preparing and revising the default judgment motion. Here again, it is wholly unclear what took plaintiff's counsel so long, given the straightforward nature of this action and the damages sought. Last, plaintiff did not use a paralegal or legal assistant at any point during this litigation, despite the fact that no reasonable client would willingly pay an hourly rate even close to the one sought by plaintiff for the various ministerial tasks completed by counsel.

In light of the aforementioned concerns, the Court hereby decreases the number of hours billed by 35%. See In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) ("an across-the-board percentage cut[ ] in hours [is] a practicable means of trimming fat from a fee application"); Days Inn Worldwide, Inc. v. Amar Hotels, Inc., No. 05 Civ. 10100, 2008 WL 2485407, at *9-10 (S.D.N.Y. 2008) (reducing the fees sought by 75% because "[n]o reasonable paying client would be willing to pay $20,057.54 in attorney fees, for a simple case, such as this, involving a settled area of law and no complex issues, in which the defendant failed

18

to plead or otherwise defend."). Therefore, the Court finds that plaintiff may recovery attorney's fees in the total amount of $6,415.50.

D. Costs

Last, plaintiff seeks to recover $460 in costs. (Hang Decl., Ex. 10.) That amount consists of a $400 filing fee, a $25 fee to purchase an index number, and a $35 fee for service of the summons. (Id.) The Court finds these amounts reasonable and thus recoverable in this default action.

II. CONCLUSION

The Court hereby enters a judgment of liability for defendants' failure to pay minimum and overtime wages, failure to pay spread of hours wages, and failure to provide the notices required by The New York Wage Theft Prevention Act.

Plaintiff shall be awarded all of the following in damages: (1) $5,961.15 in damages for unpaid overtime and minimum wages owed; (2) $942.50 in spread of hours wages; (3) $3,800 for violations of The New York Wage Theft Prevention Act; (4) $11,922.30 in liquidated damages; and (5) as of April 1, 2014, $70.91 in prejudgment interest. In total, defendants owe plaintiff $22,696.86 in damages as of April 1, 2014.

Additionally, defendants are liable for plaintiff's attorney's fees in the amount of $6,415.50 and costs in the amount of $460, for a total of $6,875.50.

The Clerk of Court is directed to enter judgment in accordance with the rulings set forth above, to close the motion at ECF No. 24, and to terminate this action.

SO ORDERED.

Dated:  New York, New York
April 10, 2014

                                          KATHERINE B. FORREST
                                          United States District Judge